UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIOHBAN FERGUSON,<br><br>*Plaintiff*,<br><br>v.<br><br>DENIS MCDONOUGH,<br><br>*Defendant*. | Civil Action No. 22-1302 (TJK) |

### MEMORANDUM

Plaintiff sued Defendant, the Secretary of Veterans Affairs, in D.C. Superior Court for employment discrimination. She alleges that she faced discrimination based on her "status as a parent." ECF No. 1-1 at 3. She explains that she suffered an adverse employment action because she missed work to care for her child during the COVID-19 pandemic. *Id.* at 4. She requests money damages for loss of wages and other related harms. *Id.* at 3.

Defendant removed to this Court under 28 U.S.C. § 1442(a)(1). ECF No. 1 at 2. He now moves to dismiss, asserting two reasons the Court lacks subject-matter jurisdiction over this action. ECF No. 7. The Court agrees that it lacks subject-matter jurisdiction over the aspects of Plaintiff's complaint that Defendant identifies. Still, because Plaintiff is proceeding pro se, the Court must construe her allegations generously. Having done so, it concludes that to the extent Plaintiff seeks to plead another claim over which the Court *has* subject-matter jurisdiction, she has failed to state a claim, and so the Court will sua sponte dismiss it for that reason.

**I.     Legal Standards**

Defendant moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of subject-matter jurisdiction. ECF No. 7 at 2. So Plaintiff "bears the burden of

establishing that the court has jurisdiction." *Sheppard v. United States*, 640 F. Supp. 2d 29, 33 (D.D.C. 2009). That burden persists even though, as a pro se litigant, Plaintiff is "held to a less stringent standard" than other plaintiffs. *Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011). The Court may consider the allegations in her complaint, undisputed facts in the record, and, if necessary, its resolution of disputed facts. *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003). The Court must ensure it has subject-matter jurisdiction before turning to the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

To the extent the Court has subject-matter jurisdiction, the question is whether Plaintiff has stated a claim for which relief may be granted. Defendants have not moved to dismiss on that basis, so the ordinary standard under Federal Rule of Civil Procedure 12(b)(6) does not apply. *See Baker v. Director*, 916 F.2d 725, 726–27 (D.C. Cir. 1990) (per curiam). Still, sua sponte dismissal is appropriate if it is "patently obvious" that Plaintiff cannot "prevail[ ] on the facts alleged in [her] complaint." *Id.* at 727. That is so "when the established law plainly prohibits this kind of suit." *Jefferies v. District of Columbia*, 916 F. Supp. 2d 42, 47 (D.D.C. 2013).

## II.  Analysis

Neither Plaintiff's complaint nor the record provides much detail about her claims. So it is hard to glean her legal theory of recovery. But because she filed her complaint pro se, the Court will "infer the claims made wherever possible," seeking to identify "all possible legal theories that could apply." *Davis v. United States*, 973 F. Supp. 2d 23, 26 (D.D.C. 2014). That inquiry is aided by the few details that are available: Plaintiff is seeking money damages against an officer of the federal government for employment discrimination, and she mentions some legal authorities related to "caregiver discrimination." ECF No. 9 at 6–7; *see also* ECF No. 1 at 1.[1]

---

[1] The legal authorities she mentions include a guidance document from the Equal Employment

That Defendant is a federal officer suggests two paths.  First, Plaintiff might have sued Defendant in his official capacity, in which case the real party-in-interest is the United States. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).  Or second, she might have sued Defendant in his individual capacity.  The jurisdictional questions in this case largely arise from the former possibility, so the Court will begin there.

> A.  **The Court Lacks Subject-Matter Jurisdiction over a Claim against Defendant in His Official Capacity**

The United States and its agencies are immune from a suit against an officer in his official capacity. *Clark v. Libr. of Congr.*, 750 F.2d 89, 103 (D.C. Cir. 1984).  And a suit barred by sovereign immunity lies outside this Court's jurisdiction. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  The Court's power to hear an official-capacity suit thus turns on whether the United States has consented to be sued. *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Such a waiver must be "unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

> 1.  **Waivers of Sovereign Immunity**

Plaintiff's task, then, was to identify statutory bases on which this claim might proceed.  A close reading of her complaint and her response to the motion to dismiss reveals three candidates: (1) Title VII, (2) Executive Order 13,152, and (3) various civil-rights laws of the District of Columbia. *See* ECF No. 9 at 6–8.  No candidate qualifies.

The latter two bases are easily dismissed because they are not federal statutes.  The executive order indeed forbids discrimination "based on an individual's status as a parent."  Exec. Order 13,152, 65 Fed. Reg. 26115, 26115 (May 2, 2000).  But an executive order cannot waive sovereign

---

Opportunity Commission that references Title VII of the Civil Rights Act of 1964 ("Title VII"), an executive order prohibiting discrimination based on parental status, a bill that was "[i]ntroduced into the Senate," and various laws of the District of Columbia.  ECF No. 9 at 6–7.

immunity; only Congress can do that.  *See Dep't of the Army v. F.L.R.A.*, 56 F.3d 273, 275 (D.C. Cir. 1995).  That may be why the order explains that it does not "confer any right or benefit enforceable in law or equity against the United States or its representatives."  Exec. Order 13,152, 65 Fed. Reg. at 26115.  By the same token, the laws of the District of Columbia are not federal laws, so they cannot waive federal sovereign immunity either.[2]

That leaves Title VII.  There, Plaintiff's claim gains a foothold.  Congress has waived federal sovereign immunity for suits against the "head of [a relevant] department, agency, or unit" of the federal government for violating Title VII.[3]  But when Congress waives sovereign immunity, it may choose to do so on the condition that the suit is brought in particular courts.  *United States v. Mottaz*, 476 U.S. 834, 841 (1986).  That is true here:  Suits under Title VII can be brought only in federal court.  *Day v. Azar*, 308 F. Supp. 3d 140, 144–45 (D.D.C. 2018); *Williams v. Perdue*, 386 F. Supp. 3d 50, 54 (D.D.C. 2019).

Normally, that fact would not present a problem in this (federal) Court.  But because this case began in the D.C. Superior Court, the ordinary basis of this Court's jurisdiction over Title VII claims—federal-question jurisdiction under 28 U.S.C. § 1331—is not in play.

### 2.  Derivative Jurisdiction

Under the traditional rule, when a case is removed from state to federal court, the federal court's jurisdiction derives from that of the state court.  *Lambert Run Coal Co. v. Balt. & Ohio*

---

[2] *See Dist. Props. Assocs v. District of Columbia*, 743 F.2d 21, 27 (D.C. Cir. 1984) (explaining that District of Columbia law is generally "treated as local law, interacting with federal law as would the laws of the several states"); *M'Culloch v. Maryland*, 17 U.S. 316, 429 (1819) ("The sovereignty of a state extends to everything which exists by its own authority, or is introduced by its permission; but [it does not] extend to those means which are employed by congress to carry into execution powers conferred on that body by the people of the United States[.]").

[3] 42 U.S.C. § 2000e-16(c); *McNutt v. Hills*, 426 F. Supp. 990, 1002 n.27 (D.D.C. 1977) (describing that provision as "an explicit waiver of sovereign immunity").

*R.R. Co.*, 258 U.S. 377, 382 (1922).  In other words, "if the state court lack[ed] jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there."  *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981).  In such circumstances, the court must dismiss the claim.  *Robinson v. H.H.S.*, 21-CV-1644 (CKK), 2021 WL 4798100, at *2 (D.D.C. Oct. 14, 2021).

Congress has eliminated the traditional rule for removals under 28 U.S.C. § 1441—but not for those under Section 1442(a).  *Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014).  The implication, adopted by "[f]ederal courts in this [d]istrict, and throughout the country," is that "the doctrine of derivative jurisdiction still applies to claims removed under Section 1442."  *Id.*  And this case was removed under Section 1442(a)(1) because this suit relates to Defendant's acts as a federal officer.  ECF No. 1 at 2.  Thus, this Court has only derivative jurisdiction.

That conclusion means Plaintiff's Title VII claim must be dismissed, as Defendant asserts.  The D.C. Superior Court lacks jurisdiction to hear Title VII claims against federal employers because the statute's waiver of sovereign immunity does not "expressly authorize[ ]" it to hear those claims.  *Day*, 308 F. Supp. 3d at 143; *see also Williams*, 386 F. Supp. 3d at 54; *Robinson*, 2021 WL 4798100, at *4.  Because this Court has only that court's jurisdiction here, it cannot hear a claim under Title VII.

      **B.**      **The Complaint Does Not State a Claim against Defendant in His Personal Capacity**

There is a way to read Plaintiff's complaint as seeking to assert a claim over which this Court has subject-matter jurisdiction.  Plaintiff requests damages, so perhaps she is trying to plead a claim against Defendant in his individual capacity.  *Cf. Hafer v. Melo*, 502 U.S. 21, 25 (1991).  And she referenced at least a conceivable basis for doing so.

In very limited circumstances, a wronged party may have an implied cause of action for damages, a *Bivens* claim, against federal officials for constitutional violations.[4] Plaintiff responded to Defendant's Motion in part by explaining that she has a "fundamental right to the care, custody, and control" of her child. ECF No. 9 at 4 (citing *Palko v. Connecticut*, 302 U.S. 319, 324–27 (1937), and *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). In other words, she may be seeking to assert a claim for damages against Defendant as an individual for violating her putative substantive-due-process right to care for her children.[5] *See Troxel v. Granville*, 530 U.S. 57, 65–66 (2000).

To the extent Plaintiff asserts a *Bivens* claim against Defendant in his individual capacity, this Court has subject-matter jurisdiction. State courts may hear *Bivens* claims under the principle of concurrent jurisdiction. *See Tafflin v. Levitt*, 493 U.S. 455, 458–60 (1990); *cf. Bush v. Lucas*, 462 U.S. 367, 371 (1983) (explaining that a *Bivens* claim had been filed in state court and removed to a federal district court). And the question whether Plaintiff does in fact have an implied cause of action for an alleged constitutional violation does not implicate subject-matter jurisdiction. *See Doe v. Metro. Police Dep't*, 445 F.3d 460, 466–67 (D.C. Cir. 2006). Thus, the Court can determine whether Plaintiff has stated a claim along these lines.

---

[4] *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 395–97 (1971); *Davis v. Passman*, 442 U.S. 228, 248–49 (1979); *Carlson v. Green*, 446 U.S. 14, 19–23 (1980).

[5] Such a claim would require that Defendant was personally involved in violating Plaintiff's rights. In an individual-capacity suit, an officer is liable only "for his or her own acts, not the acts of others." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017). There is no *respondeat superior* liability in a *Bivens* claim. *Lyles v. U.S. Marshals Serv.*, 301 F. Supp. 3d 32, 40 (D.D.C. 2018). Plaintiff has not alleged that Defendant personally did anything that violated her constitutional rights. Independent of the Court's analysis below, that deficiency also warrants dismissal of her claim.

The Supreme Court has not recognized a *Bivens* claim for violating the Due Process Clause of the Fifth Amendment related to the freedom to raise one's children. So this Court must decide whether to recognize a new *Bivens* claim. The answer must be no if there are any "special factors that counsel hesitation." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (quoting *Abbasi*, 137 S. Ct. at 1857 (alterations adopted)). There are here.

The most relevant special factor here is "the existence of a comprehensive remedial scheme." *Wilson v. Libby*, 535 F.3d 697, 705 (D.C. Cir. 2008) (citing *Bush*, 462 U.S. at 388–90). Such a remedial scheme "precludes creation of a *Bivens* [action]." *Id.* That factor is relevant here because "Title VII" is a "a comprehensive scheme that addresses precisely the wrongdoing alleged by [Plaintiff]." *Webster v. Spencer*, 318 F. Supp. 3d 313, 320 (D.D.C. 2018). Title VII, as the Supreme Court has explained, is "the *exclusive* judicial remedy for claims of discrimination in federal employment." *Id.* (quoting *Brown v. G.S.A.*, 425 U.S. 820, 835 (1976)). Thus, this Court cannot recognize a new *Bivens* claim under these circumstances.

In other words, it is "patently obvious" that Plaintiff cannot prevail on a *Bivens* claim. *Baker*, 916 F.2d at 727. That is so because the exclusivity of Title VII is well-established, because her claim is substantively novel, and because the Supreme Court has repeatedly emphasized that recognizing new *Bivens* actions "is a disfavored judicial activity." *Hernandez*, 140 S. Ct. at 742 (quotation omitted). Thus, "established law plainly prohibits" such a claim. *Jefferies*, 916 F. Supp. 2d at 47. And to the extent Plaintiff's complaint seeks to asserts one, the Court will dismiss it because it does not state a claim.[6]

---

[6] Because this deficiency cannot be cured with new factual allegations, the Court's dismissal on these grounds is with prejudice. *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C. Cir. 1996).

**III.     Conclusion**

For all the above reasons, the Court will grant Defendant's Motion and dismiss the case in part for lack of subject matter jurisdiction and in part for failure to state a claim. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 14, 2022